**In re Kenneth John LUNN, Carole Jean Lunn.**

**No. 90–62214.**

United States Bankruptcy Court, N.D. Ohio.

May 22, 1991.

Joseph E. Abdenour, Akron, Ohio, for Donald C. Brown.

Michael V. Demczyk, Kathryn A. Belfance & Associates, Akron, Ohio, for Chapter 7 Trustee.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Presently before the court is the application of Donald C. Brown (Brown) for allowance of an administrative expense claim pursuant to 11 U.S.C. § 365(d)(3). Brown is the owner/lessor of non-residential real property leased by Kenneth J. Lunn and Carole Jean Lunn (Debtors), for their business, Lunn's Drive–Thru. The requested amount of the claim is $4,731.98, representing two months' post-petition rent and prorated real estate taxes incurred during the 60–day period when the property was in the possession of the Chapter 7 Trustee, Michael V. Demczyk (Trustee). The Trustee has objected to the allowance of the claim.

The court has jurisdiction in this matter by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## DISCUSSION

Debtors and Brown entered into a lease on June 30, 1987 for certain real property located at 90 S. Main St. in Munroe Falls, Ohio for use as a drive-thru beverage store. The lease terms included provisions for payment of rent and real estate taxes by the lessees. At the time Debtors filed their Chapter 7 petition on October 31, 1990, the

monthly rent was $2,172.00 and pro rata monthly real estate taxes were $193.99. The 60–day period for the Trustee's assumption or rejection of the lease expired without election by the Trustee, and the lease was therefore rejected by operation of law pursuant to 11 U.S.C. § 365(d)(1). Brown seeks the allowance of an administrative claim for rent and taxes, pursuant to the terms of the lease, for the 60–day period prior to rejection.

The Trustee objects to the claim on the grounds that he made no use of the premises and the claim cannot be one for "preservation of the estate" within the meaning of 11 U.S.C. § 503(b)(1). The Trustee also asserts that Brown should have forced the issue by filing a motion compelling assumption or rejection prior to the expiration of the 60–day period.

 Nowhere in 11 U.S.C. § 365(d) is a duty cast upon the lessor to speed the rejection process in order to receive an administrative expense claim.[1] The decision to assume or reject belongs solely to the trustee in a Chapter 7 case.

In *In re ABC Books & School Supplies*, 121 B.R. 329 (Bankr.S.D.Ohio 1990), the court, dealing with a factual situation not unlike that in the instant case, pointed to legislative history to demonstrate that
> Congress intended to ease the undue burden upon non-residential lessors caused by the interruption in the flow of their rental income during the period the trustee considers whether to assume or reject a lease.

*Id.* at 331. To strike a balance of equities, Congress enacted 11 U.S.C. §§ 365(d)(3) and (d)(4) permitting the administrative expense claim for rental, according to the terms of the lease, during the 60–day period without the notice and hearing otherwise required by 11 U.S.C. § 503(b)(1). While recognizing authority to the contrary, this court agrees with the rationale of *ABC Books* and cases cited therein that any requirement of reasonableness or bene-

fit to the estate is inapplicable to 11 U.S.C. § 365(d)(3). Brown's application is therefore allowed as an administrative expense claim in the amount of $4,731.98.

An order in accordance herewith shall issue.

---

**1.** Section 365(d)(2) permits a lessor to request that assumption or rejection take place within a certain period. That section is inapplicable to Chapter 7 cases, as § 365(d)(1) specifically mandates that a 60–day period is in effect.