Harry ASHLEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17416.

United States Court of Appeals
Eighth Circuit.

Jan. 22, 1964.

Thos. A. Walsh, of Wear, Boland, Mullin & Walsh and A. Lee Bloomingdale, Omaha, Neb., made argument for the appellant and filed brief.

David L. Rose, Atty., Civil Division, Dept. of Justice, Washington, D. C., made argument for the appellee and John W. Douglas, Asst. Atty. Gen., Civil Div., Morton Hollander, Atty. Dept. of

and on file in the Clerk's office. However, only one or two of the letters expressly protested the additional payment.

Justice, Washington, D. C., and Theodore L. Richling, U. S. Atty., Omaha, Neb., were with him on the brief.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

PER CURIAM.

■■ Plaintiff (appellant) filed this suit in the United States District Court for the District of Nebraska under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671–2680, to recover damages for personal injuries received when he was bitten by a bear while a visitor in Yellowstone National Park in the State of Wyoming. From an adverse judgment plaintiff has appealed.

The facts are relatively simple and mainly undisputed. They are exhaustively and accurately detailed in the trial court's (Judge Van Pelt) memorandum opinion which embodies his findings of fact and conclusions of law. Ashley v. United States, D.C., 215 F.Supp. 39 (1963). Here, it will suffice to say that appellant was sleeping on the front seat of his automobile to the right of his wife (driver), and had his right arm resting on the sill of the open window when a bear bit the elbow of his right arm, causing him to sustain serious and permanent injuries.

Numerous issues were presented to and resolved by the trial court. In summary, the trial court found: (1) Under the facts involved, the doctrine which holds one who owns, keeps, or harbors inherently dangerous animals absolutely liable for such damage and injury as they may cause is inapplicable; (2) The applicable standard in determining the degree of care which the Government owed appellant is that which is owed to an invitee under Wyoming law; (3) Under such law, the Government owed appellant the duty to use ordinary and reasonable care to keep the park reasonably safe for his visit and to warn him of any hidden danger; (4) Appellant's injury was not proximately attributable to a failure of the Government to exercise ordinary care, i.e.—failure to warn appellant to keep his automobile windows closed alone, or combined with failure to remove or kill the bear thought to be the one that bit appellant was not the proximate cause of appellant's injury; (5) Handling of a troublesome bear, which had not shown an inclination to harm people without first having been provoked, involves the exercise of discretion on the part of Government employees, and such discretion—even if abused— "and the court does not believe that it was in the instant case," cannot be made the basis of a claim under the Federal Tort Claims Act. 28 U.S.C.A. § 2680 (a). Since the court found no actionable negligence on the part of the Government, the issues of contributory negligence of appellant and his assumption of risk were not reached and resolved.

Appellant here basically contends that the Government was guilty of actionable negligence (1) in failing to provide an *adequate* warning of the dangerous nature and propensities of bears which inhabited Yellowstone National Park, and (2) in failing to remove or destroy the bear in question prior to appellant's injuries. Appellant recognizes that these issues presented fact questions and that we cannot set aside the findings of fact made by the trial court unless they are clearly erroneous. Rule 52(a), Fed.R. Civ.P.

In Geer-Melkus Construction Company v. United States, 8 Cir., 302 F.2d 181, 183 (1962), we recognized the well-established rule that the trial court's fact findings "can be set aside only upon clear demonstration that they were without substantial evidentiary support or induced by an erroneous view of the law. Fact findings supported by substantial evidence cannot be upset."

United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), teaches that:

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed."

After a painstaking analysis of the record, the contentions of the parties, their supporting briefs, and upon consideration of pertinent authorities, we are fully convinced that no firm ground exists for upsetting the trial court's judgment.

Judge Van Pelt accorded due and deliberate consideration to every phase of this litigation, as is manifest from his soundly reasoned opinion. Because of our inability to materially add to or improve upon the substance of the opinion, we affirm on the basis thereof as to all issues urged by appellant before us— except the contention that the court erred in applying the discretionary function exception of the Federal Tort Claims Act, 28 U.S.C.A. § 2680(a). We need not determine the validity of this contention, since we have concluded that appellant has failed to demonstrate that the court's finding of no actionable negligence is clearly erroneous

Affirmed.