Walter P. CRAVENS et al., Appellants,

v.

Fred B. McKINNELL, Appellee.

No. 18137.

United States Court of Appeals
Eighth Circuit.

April 18, 1966.

Rehearing Denied May 9, 1966.

Josephine Myers, Kansas City, Mo., made argument for appellants and filed brief.

William A. Collet, Kansas City, Mo., made argument for appellee and filed brief.

Before VOGEL, Chief Judge, BLACK-MUN, Circuit Judge, and STEPHEN-SON, District Judge.

VOGEL, Chief Judge.

Defendants-appellants appeal from a judgment of $44,852.22 plus interest rendered in favor of Fred B. McKinnell, plaintiff-appellee, on an account stated theory. This cause of action arose out of an apparently unsuccessful cemetery development venture initially entered into by appellant Walter P. Cravens and appellee. We affirm.

To determine this appeal, it is not necessary to extensively set forth all of the facts developed before the District Court. A brief summary will suffice. In 1955 appellee and appellant Cravens proceeded to develop the cemetery involved under an agreement providing that appellee

was to invest $10,000 in the cemetery corporation, Oak Ridge Memory Gardens, Inc. (hereafter referred to as Oak Ridge), and was to be repaid some $40,-000 from sales of cemetery lots over a period of many years. This would have been a 400% return on appellee's original investment. Appellee was also to have received cash payments for engineering services contributed to the project. In the intervening years appellee made other financial contributions through Cravens to Oak Ridge. Sometime during 1960 or before, the original arrangement was abandoned. This fact was verified by the testimony of appellant Cravens. The parties determined that appellee was to be paid off as soon as possible. The District Court found that:

"* * * As a result of negotiations and adjustments an account was agreed in writing and stated over the signature of Cravens for the defendant [Oak Ridge] corporation, showing that the defendant corporation owed plaintiff the sum of $44,852.22 as of August 1, 1960."

Based upon this August 1, 1960, document, Plaintiff's Exhibit 7, appellee's judgment herein was rendered against Oak Ridge on December 16, 1963. Appellee sought to recover additional sums by alleging counts of conspiracy to defraud, work and labor, money loaned, and receivership. However, recovery was denied on all except the account stated theory. The initial judgment was vacated on August 13, 1964. Thereafter, and following a full evidentiary hearing, a second judgment running against Oak Ridge or "* * * its successors, * * * if the corporate charter is now forfeited, * * * ·as trustees of its property and effects * * *" was entered on May 11, 1965. The necessity for the second judgment will be shown, infra.

The first of appellants' two contentions on this appeal is that:

"The Trial Court Erred in Finding, Concluding and Adjudging Without Evidence That There Was an Account

**26**

Stated to Be Paid in Due Course in the Regular Order of Business."

For some reason appellants assume in their brief that a summary judgment was entered herein, even though there were disputed factual issues. This assumption is clearly wrong. Before taking evidence, the District Judge stated:

"Well, I am going to overrule the motion for summary judgment on all issues * * *."

Clearly Plaintiff's Exhibit 7, the account showing Oak Ridge's obligation to appellee, which appears over Cravens' admittedly genuine signature, coupled with the testimony of Cravens, appellee and George C. Stine, the accountant who prepared Plaintiff's Exhibit 7, substantially support the District Court's finding of recovery based on a valid account stated. It is patent that such finding was not clearly erroneous so as to be set aside by this court under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. See, e. g., Ashley v. United States, 8 Cir., 1964, 326 F.2d 499, 500; Geer-Melkus Constr. Co. v. United States ex rel. Bison Constr. Co., 8 Cir., 1962, 302 F.2d 181, 183.

■ Appellants' second contention is that:

"The Court Erred in Rendering a Conditional Judgment, First Against Defendant Oak Ridge Memory Gardens, Inc., Then Conditioned on the Decision of This Court on This Appeal, Against the Officers and Directors Thereof."

The initial December 16, 1963, judgment was vacated pursuant to Missouri law after it was discovered that the corporate charter of Oak Ridge had been revoked as of January 1, 1963. The charter was thus not in existence at the time of the initial proceeding, which fact was not made known to the court. The corporate charter of Oak Ridge was reinstated on August 25, 1964. On May 11, 1965, the second judgment was designated to run against the corporation or its successors, trustees of the corporate assets, so as to prevent any avoidance of the judgment should the Oak Ridge corporate charter be allowed to lapse again, as was the situation in 1963. In any event, the judgment will run only against Oak Ridge's assets, no personal liability being involved. Under these circumstances, it is clear that no error is present under the existing form of the judgment. It is also clear that "Even though there may be two judgments, there can be only one satisfaction",[1] which satisfaction will be out of assets now held by Oak Ridge.

This case is in all things affirmed.

1. Reconstruction Finance Corp. v. Pelts, 7 Cir., 1941, 123 F.2d 503, 505, certiorari denied, 315 U.S. 812, 62 S.Ct. 796, 86 L. Ed. 1210.