**WORTHEN BANK & TRUST COMPANY, Appellant,**

v.

**The FRANKLIN LIFE INSURANCE COMPANY, Appellee.**

No. 18403.

United States Court of Appeals
Eighth Circuit.

Dec. 28, 1966.

Edward L. Wright, of Wright, Lindsey & Jennings, Little Rock, Ark., for appellant.

Austin McCaskill, of Barber, Henry, Thurman, McCaskill & Amsler, Little Rock, Ark., for appellee.

Before VOGEL, Chief Judge, MATTHES, Circuit Judge, and DUNCAN, Senior District Judge.

PER CURIAM.

By this diversity action plaintiff-appellant, Worthen Bank and Trust Company, sought to recover from The Franklin Life Insurance Company, defendant-appellee, the sum of $11,842.44, together with interest, on the basis of an assignment to it of life insurance renewal commissions due in the future from the defendant, Franklin, to one Rea C. Coulter, its soliciting agent. Coulter had requested Franklin to provide him with an estimate of the value of his future renewal commissions. On February 13, 1964, Franklin wrote to Coulter and after disclosing the amount of renewal earnings in the past, stated as follows:

"It isn't possible to accurately determine the present value of future renewal commissions because of the unknowns—policy lapse and mortality. However, under a formula generally acceptable to the insurance industry, the present value of your deferred renewal commissions are [sic] approximately at $28,000.00. But this estimate is not to be considered as a guaranty."

Coulter presented the letter regarding his renewal commissions to the Worthen Bank and Trust Company, with whom he was a stranger, and asked to borrow $15,000 on the basis thereof. Worthen thereupon wrote to Franklin, advising that Coulter desired to borrow $15,000 and assign his renewal commissions from Franklin as security therefor. Worthen asked Franklin to "confirm" the letter regarding renewal commissions and for information with reference to a satisfactory assignment form. Franklin replied to Worthen's letter, sending three copies of an assignment form which would be satisfactory to Franklin, instructions with reference to their execution, and stating as follows:

"When the three assignment forms reach us, they will be consented to by an Agency Officer and the original copy returned to you. Rea's renewal commissions will then be made payable to the Worthen Bank and Trust Company every two weeks starting with our March 6th accounting period. They will continue to be paid to you until his loan is repaid and the assignment is released.

"From the proceeds of his loan, Rea is to send $1,847.00 to Franklin to cover a small remaining deficit on a note. The enclosed letter of authorization should take care of it.

"It is a pleasure recommending Rea Coulter to you. He is a Franklin super star and last year won national honors by ranking 16th among more than 3,000 field associates. He is also a member of the Million Dollar Round Table."

The assignment, which was duly executed, contained the following statement:

"It is expressly agreed that said Assignment is subject to the right of the said Franklin Life Insurance Company, under the terms of said agency contracts and supplements and amendments thereto to deduct from said renewal commissions any and all indebtedness (except indebtedness for future loans and advances hereafter voluntarily made to the Undersigned by The Franklin Life Insurance Company) now due or which may hereafter become due from the Undersigned to The Franklin Life Insurance Company, and it is further agreed that said Assignment is subject to the terms of said agency contracts and supplements and amendments thereto."

The Consent to Assignment executed by Franklin provided, inter alia:

" * * * This consent to assignment is subject to and reserving to the Undersigned and its successor or assigns, the right, under the terms of said agency contracts and any and all supplements and amendments thereto, to deduct from said renewal commissions any and all indebtedness (except indebtedness for future loans and advances hereafter voluntarily made to

the Assignor by the Undersigned), now due or which may hereafter become due from the Assignor to the Undersigned, and said Consent to Assignment is expressly made subject to the terms of said agency contracts and any and all supplements and amendments thereto."

The agency contract between Coulter and Franklin referred to in the foregoing contained the following:

"Sec. 22. Should second party wrongfully withhold any funds, policies, premium receipts, vouchers or other property belonging to first party, or to an applicant for insurance, this contract shall be terminated forthwith and all claims of second party hereunder forfeited; but nothing herein shall affect any claim of first party against second party."

Franklin paid Coulter's renewal commissions to Worthen until July 30, 1964, by which time the principal indebtedness of Coulter to Worthen had been reduced to $11,842.44. Thereafter, on August 5, 1964, Franklin wrote Worthen, advising that it would make no further payments to Worthen under the assignment for the reason that Coulter was short in his accounts with Franklin.

During the period prior to the discovery of Coulter's shortages, Franklin carried a blanket bond covering any financial shortage of Coulter with Franklin in the amount of $100,000 and executed by National Surety Corporation as surety. A claim in the amount of $30,591.49, the amount of Coulter's defalcation with Franklin, was the subject of a suit between Franklin and National Surety Corporation. Such suit was settled by National paying the amount of Coulter's defalcation. Upon receipt of such payment, Franklin began paying Coulter's renewal commissions, as they became due, to National Surety, and refused to continue their payment to Worthen. Thereupon Worthen, unable to collect from Coulter, first commenced suit directly against Coulter in which it received as added security an Equitable Life Assurance Society of the United States

policy on Coulter's life, and then Worthen brought the instant action against Franklin.

The District Court, the Honorable J. Smith Henley, in a carefully written and well-considered opinion published as Worthen Bank & Trust Co. v. Franklin Life Ins. Co., D.C.Ark.1966, 260 F.Supp. 1, held that Franklin was not estopped from invoking the provisions of the agency contract against Worthen nor from using any defenses which it would have had if it had been sued by Coulter for the renewal commissions. It held that the doctrine of equitable estoppel was not applicable to the situation here presented; that Franklin was not unjustly enriched; and further held, in effect, that National Surety, on its having paid the claim under its bond, stepped into Franklin's shoes and that the doctrine of equitable subrogation clearly applied to it.

■ In appealing to this court, Worthen asks that because the case was submitted to the District Court upon pleadings, with exhibits, answers to interrogatories and affidavits, and both parties having moved for summary judgment, this court is not restricted by the limitations of Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. The latest expression of this court on the point was made by Judge Van Oosterhout in Cole v. Neaf, 8 Cir., 1964, 334 F.2d 326, wherein he stated, at pages 329–330:

"In actions tried to a court without a jury, Fed.R.Civ.P. 52(a) expressly places the responsibility upon the trial court for resolving doubtful fact issues. We are not privileged to try the case de novo and substitute our judgment for that of the trial court. Findings of fact can be set aside only upon clear demonstration that they are without substantial evidentiary support or that they are induced by an erroneous view of the law. Ashley v. United States, 8 Cir., 326 F.2d 499, 500; Anthony v. Louisiana & Arkansas Ry. Co., 8 Cir., 316 F.2d 858, 861; Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 138.

*"We have repeatedly and consistently held, at least subsequent to the Supreme Court's decision in Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218, that the clearly erroneous standard applies to reasonable inferences to be drawn from stipulated or undisputed facts and that it is for the trial court rather than this court to draw legitimate and permissible inferences.* Estate of Sheaffer v. Commissioner, 8 Cir., 313 F.2d 738, 740; Estate of Smith v. Commissioner, 8 Cir., 313 F.2d 724, 727; Sachs v. Commissioner, 8 Cir., 277 F.2d 879, 881." (Emphasis supplied.)

The argument, insofar as this case is concerned, however, is beside the point for we are in complete and full accord with what Judge Henley says in his opinion and we believe that the inferences he draws from the undisputed facts are reasonable and well-grounded.

■ For a second point, appellant finds the trial court in error in concluding that Franklin was not estopped to deny liability to Worthen on Coulter's renewal commissions. It attempts to make much of the fact that officers of Worthen had no actual knowledge of the contents of the agency contract between Franklin and Coulter. We agree with the trial court that that is not persuasive and further direct attention to the fact that Worthen completely overlooks the provisions of the assignment, which it did have and which it did know about, whereby

"It is expressly agreed that said Assignment is subject to the right of the said Franklin Life Insurance Company, under the terms of said agency contracts and supplements and amendments thereto to deduct from said renewal commissions any and all indebtedness * * * now due or which may hereafter become due from the Undersigned to The Franklin Life Insurance Company, and it is further agreed that said Assignment is subject to the terms of said agency con-

tracts and supplements and amendments thereto."

Worthen further overlooks the provisions of the Consent to Assignment, supra, whereby Franklin reserves unto itself the right to deduct from the renewal commissions any and all indebtedness, etc. Worthen may not ignore Franklin's specific withholding of its right to deduct indebtedness from Coulter's renewal commissions merely because it did not actually have or read Section 22, supra, of the agency contract between Coulter and Franklin.

■■ Worthen's third point is that the trial court erred in holding that Franklin was not guilty of unjust enrichment at the expense of Worthen. We are fully in accord with what Judge Henley says with reference thereto. Franklin is not unjustly enriched through having been paid Coulter's defalcations by National Surety. The legal effect of such payment was to make National Surety entitled to the renewal commissions as they became due up to the amount of its loss payment. The doctrine of equitable subrogation justified the payment to National Surety and prevents Franklin from receiving an unjust enrichment. See, Corbin on Contracts, Vol. IV, § 901, pp. 608–614, Equities of Third Persons That Are Not "Latent"—Subrogation of a Surety; Exchange Bank & Trust Co. v. Texarkana School Dist. No. 7, 1957, 227 Ark. 759, 301 S.W.2d 453, 456–457, where the Supreme Court of Arkansas held that a bank assignee (herein Worthen) was not entitled to priority over the right of a surety and that any defense available against the assignor (herein Coulter) was good against the assignee (herein Worthen). The Arkansas court correctly applied the doctrine of equitable subrogation. See, also, National Surety Corp. v. United States, 1955, 133 F.Supp. 381, 383–384, 132 Ct.Cl. 724, where the Court of Claims held that where surety companies discharge their liability on payment bonds by paying labor and materialmen, their equities were superior to

those of a bank lending money to a defaulting contractor under an assignment by the contractor of moneys due under the contract; Johnson v. Maryland Casualty Co., 1955, 225 Ark. 224, 280 S.W.2d 398, 401; cf., Levinson v. Linderman, 1958, 51 Wash.2d 855, 322 P.2d 863, 868–869.

■ Worthen's last point is that Franklin should not be allowed to retain benefits of the loan Coulter obtained from Worthen and at the same time repudiate the burdens of transactions, referring, of course, to the $1,847.00 owed by Coulter on his note to Franklin and which was paid out of Worthen's loan to Coulter. We see no justification whatsoever for attempting to apply the doctrine of estoppel by acceptance of benefits to this fact situation.

On the basis of Judge Henley's opinion as published, this case is in all things affirmed.