## In re The BEDROOM OF CENTRAL FLORIDA, INC. a/k/a Water Bedroom Land, a/k/a Water Bedroom, Debtor.

### Bankruptcy No. 91–9732–8P7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 3, 1993.

---

Stephen L. Meininger, Tampa, FL, trustee.

Louis Bakkalapulo, Clearwater, FL, for debtor.

Robin S. Trupp, Tampa, FL, for movant.

Meininger & Meininger, P.A., for trustee.

## ORDER ON MOTION TO DETERMINE AND COMPEL PAYMENT OF ADMINISTRATIVE RENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Motion to Determine and Compel Payment of Administrative Rent filed by Cigna General Life Insurance Company, as general partner of Cigna Real Estate Fund S, Limited, a Connecticut limited partnership, and Cigna Real Estate Fund S, Limited (Cigna). Cigna has requested allowance of an administrative expense for unpaid rent allegedly incurred by the Debtor, The Bedroom of Central Florida, a/k/a Water Bedroom Land, a/k/a Water Bedroom (Debtor). The administrative rent claim is based on a lease concerning non-residential real property owned by Cigna. The facts relevant to the disposition of the administrative claim established at the final evidentiary hearing are as follows:

On May 10, 1984, Crow–Tampa Retail, Limited (Crow), and 9018 Corporation entered into a Standard Commercial Shopping Center Lease (Lease) for certain premises in a strip shopping center located in Tampa, Florida. The Lease called for, *inter alia,* monthly rental payments and a term of 10 years. Subsequently, Crow assigned its interest in the Lease to the Debtor with the consent of Cigna. On December 31, 1990, Cigna sent a letter to Debtor declaring the Debtor in default of the Lease for nonpayment of December's rent. Debtor subsequently paid December's rent, but made no further rent payments. On February 28, 1991, Debtor vacated the premises, changing the locks on the doors. Debtor neither notified Cigna that the leased premises were surrendered and vacated, nor did it provide Cigna with a key for the new locks.

On July 26, 1991, Debtor filed a Petition for Relief under Chapter 11 of the Bankruptcy Code, which was subsequently converted to a Chapter 7 on January 31, 1992. Because no Motion for Assumption or Rejection of the Lease was filed by the Debtor within 60 days, the Lease was deemed rejected by operation of law on September 26, 1991, pursuant to 11 U.S.C. § 365(d)(4). On October 30, 1991, the Debtor, through its attorney, informed Cigna that the Lease had been rejected and that Cigna was authorized to retake possession of the premises. On June 8, 1992, Cigna filed its Motion to Determine and Compel Payment of Administrative Rent, seeking rental payments under the Lease from July 26, 1991 through October 31, 1991. A final evidentiary hearing on the motion was held on November 2, 1992. Based on these undisputed facts, Cigna contends that it is entitled to an allowance as cost of administration priority pursuant to § 507(a) of the Bankruptcy Code for the reasonable value for use and occupancy of the premises owned by Cigna.

The Bankruptcy Code gives priority to certain administrative claims, but only if they are related to "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). The Code also imposes a positive duty on the trustee to perform the debtor's obligations under non-residential leases.

The trustee shall timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3). Some courts have viewed the language of § 365(d)(3) as overriding the "actual use and occupancy" requirement of § 503(b)(1)(A) and allowing an administrative rent claim regardless of the debtor's use or occupancy of the property. *See, e.g., In re Worths Stores Corp.*, 135 B.R. 112 (Bankr.E.D.Mo.1991). However, other courts, including this one, have held that

nothing in the language of § 365(d)(3) requires the granting of administrative status to claims by [a] lessor for postpetition rent accrued but not paid by the Trustee or Debtor. The 1984 amendments have not changed the necessity for showing the reasonableness of the rent or any of the other factors considered under § 503(b)(1)(A).

*In re Tammey Jewels, Inc.*, 116 B.R. 292, 294 (Bankr.M.D.Fla.1990); *see also In re Orvco, Inc.*, 95 B.R. 724 (9th Cir. BAP 1989). This court is of the opinion that to retreat from its prior interpretation of the interplay between Sections 365(d)(3) and 503(b)(1)(A), would

permit the landlord to sit idly by and not seek either payment or recovery of the premises by relying on the fact that his contractual rent will be accorded *administrative* priority [where the premises were not] occupied and presented no benefit to the estate.

*Tammey Jewels* at 294. Therefore, it is clear that Cigna in order to establish an administrative claim for rent would need to establish that the Debtor enjoyed the use and occupancy of the premises during the period following the filing of Debtor's petition for relief on July 26, 1991, which under the facts of this scenario it cannot do for obvious reasons.

■ At the final evidentiary hearing, the Debtor produced substantial evidence that Debtor vacated the premises by February 28, 1991, five months before Debtor's petition was filed. Debtor's President testified that Debtor vacated the premises at the end of February. Additionally, Debtor produced a telephone bill dated March 7, 1991, which included a "Closing Statement" and a credit memorandum from Debtor's insurance agent representing a refund of Debtor's property and casualty coverage. Cigna presented no evidence to rebut Debtor's assertion that it vacated the premises on February 28.

Furthermore, the evidence produced at the evidentiary hearing supports the conclusion that Cigna had sufficient notice that the Debtor had vacated the premises to allow Cigna to assert its rights under the lease. Cigna's rental agent's testified that he was at the shopping center frequently and had determined that the property was unoccupied. This testimony supports the inference that Cigna had at least constructive knowledge of the situation prior to July 26, and could have sought eviction or other state law rights prior to Debtor's filing of its petition. Additionally, Cigna had several options available to it within the bankruptcy case, such as seeking an order to lift the automatic stay in order to evict the Debtor, or an order directing the Debtor to pay rent pursuant to § 365(d)(3). It is significant in this case that Cigna chose not to pursue any of these options.

■ Cigna points to the fact that the Debtor changed the locks to support its contention that the Debtor's "constructive possession" of the premises amounted to "use and occupancy" so as to justify its claim for administrative rent. This argument relies entirely upon the proposition that constructive possession of leased property satisfies the "use and occupancy" requirement of § 503(b)(1)(A). In support of this proposition, Cigna cites *In re Mel–Hart Products, Inc.*, 136 B.R. 197 (Bankr. E.D.Ark.1991) and *In re Western Monetary Consultants*, 100 B.R. 545 (Bankr. D.Colo.1989). These cases both involved arguments by Debtor lessees who actually occupied the premises that the amount of an already granted administrative claim was excessive because the Debtor did not

actually use the entire premises. In each case, the court determined that the amount of the administrative claim should be based upon the value of the entire premises, and not just the portion used, due to the Debtor's "constructive possession" of the unused portion of the premises. Neither case supports Cigna's position that constructive possession of the entire premises is a sufficient basis for the granting of an administrative claim.

In sum, this Court is satisfied that the Debtor vacated the premises almost five months prior to the filing of its petition for relief, that Cigna was aware of Debtor's vacation prior to the filing of the petition, and that Debtor's changing of the locks had no impact upon the fact that Debtor neither used nor occupied the premises postpetition. Moreover, it is clear that nothing prevented Cigna to seek relief form the automatic stay as soon as it learned about the Chapter 11 case of the Debtor or more importantly, to assert the right of a landlord in the Court of competent jurisdiction February 28, 1991 and July 26, 1991. Thus, the "use and occupancy" requirement of section 503(b)(1)(A) is not met, and Cigna's Motion to Determine and Compel Payment of Administrative Rent should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Determine and Compel Payment of Administrative Rent filed by Cigna General Life Insurance Company and Cigna Real Estate Fund S, Limited, is hereby denied.

DONE AND ORDERED.