**In re TWIGLAND FASHIONS, INC., Debtor.**

**AUGUSTA MALL PARTNERSHIP, Appellant,**

v.

**TWIGLAND FASHIONS, INC., Appellee.**

Civil Action No. SA–93–CA–0766.
Bankruptcy No. 92–54634–C.

United States District Court,
W.D. Texas,
San Antonio Division.

June 25, 1996.

Keith M. Baker, Soules & Wallace, Richard M. Butler, Thomas Black, San Antonio, TX, for appellant.

Raymond W. Battaglia, Martin Isidore Roos, Oppenheimer, Rosenberg, Kelleher & Wheatley, San Antonio, TX, for appellee.

## ORDER

PRADO, District Judge.

Augusta Mall Partnership has appealed the Bankruptcy Court Decision and Order Denying Application of Augusta Mall Partnership for Payment of Administrative Expense. After careful consideration of all the papers and pleadings on file in this appeal, the Court is of the opinion that the Orders of the Bankruptcy Court should be reversed.

### BACKGROUND AND PROCEDURAL HISTORY

Debtor Twigland Fashion, Inc., a retailer of fashion goods, filed for Chapter 11 bankruptcy relief on December 31, 1992. On March 31, 1993, Debtor filed a motion to reject its lease agreement with Augusta Mall Partnership ("Augusta") for space in a shopping mall in Augusta, Georgia. The bankruptcy court approved Debtor's motion to reject the lease on May 5, 1993. Debtor's

sublessee, Kimm's Retail Enterprise, which occupied the premises beginning shortly before December 1992, made rental payments to Augusta for January and February 1993, but for no time after.

On June 4, 1993, Augusta filed its Second Amended Application of Augusta Mall Partnership for Payment of Administrative Expense. Augusta claimed it was owed $28,-755.72 for rental payments incurred before Debtor rejected the lease. Augusta argued that its claim for unpaid rent and for attorney's fees was entitled to administrative priority pursuant to Title 11 U.S.C. Sections 365(d)(3) and 503(b)(1)(A). After a hearing, the Bankruptcy Court denied Augusta's application. The Bankruptcy Court held that neither Section 365(d)(3) nor Section 503(b) requires post-petition rent claims to be treated as administrative priorities. Augusta appeals that ruling, contending that unpaid post-petition rent for nonresidential property is entitled to administrative priority.

*DISCUSSION*

To determine whether Augusta's claim should be accorded priority, the Court must analyze the interaction between Bankruptcy Code Sections 503(b)(1)(A) and 365(d)(3). Section 503(b)(1)(a) provides:

> After notice and a hearing, there shall be allowed, administrative expenses, ... including—
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

11 U.S.C. § 503(b). Section 503(b) has been interpreted to require that "actual, necessary costs and expenses" are only those from which the estate received a benefit. *Broadcast Corp. of Georgia v. Broadfoot,* 54 B.R. 606 (Bankr.N.D.Ga.1985), *aff'd* 789 F.2d 1530 (11th Cir.1986). Section 365(d)(3) provides, in relevant part:

> The trustee shall timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or

rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3). Augusta contends, and most of the courts to address the issue have held, that Section 365(d)(3) plainly requires that unpaid nonresidential lease obligations be accorded priority status as an administrative expense of the estate, without proof of the necessity and benefit otherwise required by Section 503(b)(1)(A). *See e.g. In re Thinking Machines Corp.,* 67 F.3d 1021, 1024 (1st Cir.1995) (recognizing that Section 365(d)(3) gives a landlord of nonresidential property "what amounts to a preference—in the form of an administrative claim—for such avails"). Under this majority view, Augusta would be entitled to priority status for lease obligations incurred by the Debtor before the Bankruptcy Court approved the Debtor's lease rejection. The Bankruptcy Court, however, adopted the minority interpretation of Section 365 and held that, while the affirmative duty to pay rent imposed on the estate by Section 365(d)(3) could be interpreted as meeting the "actual, necessary" standard, the expenses should be allowed against the estate only to the extent they were beneficial to the estate.

█ The Court concludes that the plain language of the statutes demonstrates that the majority view is the correct one. *See In re Pacific–Atlantic Trading Co.,* 27 F.3d at 405. "The granting of administrative priority status for [the unpaid rent for the 60–day period] ... is consistent with the intent of section 365(d)(3) and necessary to carry out its objectives." *Id.*

The Ninth Circuit's opinion in *Pacific–Atlantic* is particularly helpful. The court observed:

> The plain and unconditional language of the statute demands that a trustee promptly pay the full amount of rent due under a nonresidential real property lease during the 60–day period pending assumption or rejection [of the lease].

*In re Pacific–Atlantic Trading Co.,* 27 F.3d 401, 404 (9th Cir.1994). The Ninth Circuit Court of Appeals rejected the minority view, espoused by the Ninth Circuit Bankruptcy Appellate Panel in *In re Orvco, Inc.,* 95 B.R. 724 (9th Cir. BAP 1989), as "wholly inconsis-

tent with the mandate of section 365(d)(3)." [1] *In re Pacific–Atlantic Trading Co.*, 27 F.3d at 404. The court noted that "[b]y providing for timely performance of *all* lease obligations, 'notwithstanding section 503(b)(1),' the statute has already granted priority payment status to the full amount of rent due under nonresidential leases." *Id.* Because of the priority status, a creditor under the lease need not prove that a value had been conferred upon the estate. *Id.* at 404–05.

■ The Court finds this reasoning persuasive. The majority view accords meaning to both Section 503 and Section 365. The minority view adopted by the Bankruptcy Court renders the mandatory language of Section 365 meaningless. Under that view, a debtor who had failed to make the *required* rent payments could escape the directive if the landlord could not then prove that the rent had benefitted the estate. This violates a basic rule of statutory construction. The courts must give effect to "every clause and word of a statute." *Hoffman v. Connecticut Dep't of Income Maintenance*, 492 U.S. 96, 103, 109 S.Ct. 2818, 2823–24, 106 L.Ed.2d 76 (1989).

### CONCLUSION

The Court concludes that Augusta is entitled to an administrative claim for the amount of unpaid rent for the period prior to Debtor's rejection of the lease. The Bankruptcy Court's order denying Augusta Mall Partnership's application must therefore be reversed.

Accordingly, it is ORDERED that the Bankruptcy Court Decision and Order Denying Application of Augusta Mall Partnership for Payment of Administrative Expense is REVERSED.

It is further ORDERED that this case is REMANDED to the Bankruptcy Court for further proceedings consistent with this opinion.

---

1. Most of the courts subscribing to the minority view have relied on the since-rejected *Orvco* opinion.