**In re William Kenny BREWER, Debtor.**

**Bankruptcy No. 97–31440M.**

United States Bankruptcy Court, E.D. Arkansas, Jonesboro Division.

May 3, 1999.

---

Joe C. Barrett, Jonesboro, AR, for debtor.

Chris Gardner, Jonesboro, AR, for Dr. Glenn Dickson.

### ORDER

JAMES G. MIXON, Chief Judge.

This matter is before the Court upon the motion of Dr. Glenn Dickson ("Dickson"), a creditor in this chapter 13 case, for the payment of administrative expense. For the reasons stated below, the Court will allow such payment. This is a core proceeding pursuant to 28 U.S.C. § 157(A) (1994). The Court has jurisdiction over this matter and may enter a final judgment in the case in accordance with Federal Rule of Bankruptcy Procedure 7052.

## FACTS

The issue before the Court is whether Dickson's claim for unpaid rent for commercial real property accruing post-petition may be allowed as an administrative expense. The parties submitted the question to the Court upon the following stipulated facts:

On December 1, 1991, William Kenny Brewer ("Debtor") entered into a written lease agreement with Dickson to rent certain retail space at 1521 Market Place Drive in Jonesboro, Arkansas. The lease agreement was for a term of three months beginning December 1, 1991, for a monthly rental rate of $610.00. The Debtor used the premises to house his business, Hot Dog Records, which he owned and operated.

When the written lease expired, the Debtor and Dickson did not execute another written lease. However, the Debtor continued to pay rent of $610.00 a month and use the premises to operate his business. On May 15, 1997, the Debtor ceased paying rent, but remained in possession of the space. Subsequently, the Debtor discontinued the operation of his business.

The Debtor filed his petition for relief under the provisions of chapter 13 of the United States Bankruptcy Code on December 11, 1997. The Debtor continued to occupy the premises until February 23, 1998, when he rejected the lease and removed his remaining inventory and equipment from the space.

The Debtor's pre-petition rent arrearage owed to Dickson from May 15, 1997, to December 10, 1997, totals $4161.77. Dickson filed a proof of claim as a general unsecured creditor for the amount of this arrearage. The Debtor's post-petition arrearage from December 11, 1997, to February 23, 1998, is $1524.30. Dickson requests the Court to allow payment of this amount as an administrative expense.

## ARGUMENTS

In his Brief in support of Motion for Allowance of Administrative Expense, Dickson argued that, pursuant to 11 U.S.C. § 503(b)(1)(A), the Court should grant his request because the Debtor stored his equipment and inventory on the premises, and thus the unpaid, post-petition rent was an actual, necessary expense of preserving the estate. At the hearing, the Debtor argued that there was no demonstration that the estate benefitted from the use and occupancy of the premises and that such an administrative expense is unusual in the context of a chapter 13 case. The Debtor also pointed out that granting favored priority to Dickson's post-petition claim could undermine his proposed plan.

## DISCUSSION

A tenant at will is one who holds possession of premises by permission of the landlord; the tenancy at will is characterized by an uncertain term and the right of either party to terminate on proper notice. *Polk v. State*, 28 Ark.App. 282, 285, 772 S.W.2d 368, 370 (1989); *McGinnis v. McGinnis*, 268 Ark. 889, 891, 597 S.W.2d 831, 832 (Ark.Ct.App.1980); Black's Law Dictionary 1466 (6th ed.1990) (citing *Myers v. East Ohio Gas Co.*, 51 Ohio St.2d 121, 364 N.E.2d 1369 (1977)).

The stipulations of the parties in the instant case support the conclusion that, after the written lease expired, the Debtor held an unexpired tenancy at will in the premises until rejection on February 23, 1998. Prior to rejection, the Debtor remained in possession of the property for an uncertain term, and Dickson continued to accept the monthly rent specified in the lease, thus implying Dickson's consent to the Debtor's possession.

Section 365 of the Bankruptcy Code governs the treatment of unexpired leases and executory contracts in bankruptcy. The section states that "[f]or purposes of this section ... leases of real property shall include any rental agree-

ment to use real property." 11 U.S.C. § 365(m) (1994). Thus, the term "lease" may be broadly construed to include parol or month-to-month rental agreements such as the lease under discussion in the instant case. *In re Scott,* 209 B.R. 777, 780 (Bankr.S.D.Ga.1997) (tenancy-at-will rental agreement falls under definition of "lease" for purposes of section 365); *In re Challa,* 186 B.R. 750, 757 (Bankr.M.D.Fla.1995); *In re United West, Inc.,* 87 B.R. 138, 140 (Bankr.D.Nev.1988).

■ With regard to unexpired leases, the Bankruptcy Code provides that the "trustee, subject to court approval, may assume or reject any ... unexpired lease of the debtor." 11 U.S.C. § 365(a) (1994). Although the Code expressly permits rejection or assumption only by the trustee, courts have reasoned that chapter 13 debtors are also entitled to reject or assume under this Code section. *In re Scott,* 209 B.R. at 781 n. 5 (citing *Local Unions v. Brada Miller Freight System, Inc.,* 702 F.2d 890, 891 n. 3 (11th Cir.1983)); *In re Hall,* 202 B.R. 929, 932 n. 2 (Bankr. W.D.Tenn.1996). *But see In re Dodd,* 73 B.R. 67 (Bankr.E.D.Cal.1987) (holding chapter 13 debtor's assumption or rejection of nonresidential lease was governed by section 1304(b)). Under section 365 and prevailing case law, the Debtor in this chapter 13 case may properly reject his tenancy at will rental agreement.

■ Among a chapter 13 debtor's duties under section 365 is the performance of "all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3) (1994). This Code section entitles the lessor of nonresidential real property to payment of rent due under an unexpired lease as an administrative claim during the post-petition, pre-rejection period. *In re Liberty Outdoors, Inc.,* 205 B.R. 414, 417 (Bankr.E.D.Mo.1997) (lessors were entitled to administrative expense for rent owed by chapter 7 debtor under unexpired lease of nonresidential real property during post-petition period); *In re Flugel,* 197 B.R. 92, 95 (Bankr.S.D.Cal.1996) (statute requiring chapter 13 debtor to perform all obligations of unexpired, nonresidential lease while deciding whether to assume or reject is designed to ensure rent payment during the decision period); *Fifth Ave. Jewelers, Inc. v. Great East Mall, Inc. (In re Fifth Ave. Jewelers, Inc.),* 203 B.R. 372, 383 (Bankr.W.D.Pa.1996) (plain language of section 365(d)(3) requires performance of all the obligations of the chapter 11 debtor under an unexpired commercial lease of realty until assumption or rejection).

■ Administrative expense claims are governed by section 503, which provides that "there shall be allowed administrative expenses ... including ... the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1) (1994). The language of this statute has generally been construed to mean that in order to claim administrative expense, a creditor must demonstrate that the expense actually benefitted the estate. *Security Bank of Marshalltown v. Neiman,* 1 F.3d 687, 691 (8th Cir.1993); *General Am. Transp. Corp. v. Martin (In re Mid Region Petroleum, Inc.),* 1 F.3d 1130, 1132 (10th Cir.1993); *In re Strause,* 40 B.R. 110, 112 (Bankr. W.D.Wis.1984) (citing *In re Cardinal Export Corp.,* 30 B.R. 682 (Bankr.E.D.N.Y. 1983)).

■ However, the duty to perform imposed by section 365(d)(3) carves out a special exception for nonresidential real property leases. Under section 365(d)(3) the lessee of an unexpired lease of nonresidential real property must pay rent as an obligation under the lease during the post-petition, pre-rejection period. 11 U.S.C. § 365(d)(3) (1994).

The majority view interpreting this section is that a lessor bound by an unexpired, nonresidential lease is entitled to allowance of an administrative claim for rent without regard to the section 503 demonstration of benefit to the estate. *Towers v. Chickering & Gregory (In re Pacific–Atlantic Trading Co.),* 27 F.3d 401, 404 (9th Cir.1994); *In re International Ventures, Inc.,* 215 B.R. 726, 728 (Bankr.E.D.Ark.1997); *Augusta Mall Partnership v. Twigland Fashions, Inc. (In re Twigland Fashions, Inc.),* 198 B.R. 199, 200 (W.D.Texas 1996); *Fifth Ave. Jewelers, Inc. v. Great East Mall Inc. (In re Fifth Ave. Jewelers, Inc.),* 203 B.R. 372, 383 (Bankr.W.D.Pa.1996); *In re Slim Life Weight Loss Centers, Corp.,* 182 B.R. 701, 705 (Bankr.D.N.J.1995) (citing *In re Cardian Mort. Corp.,* 127 B.R. 14, 16 (Bankr. E.D.Va.1991)); *In re Worths Stores Corp.,* 135 B.R. 112, 116–17 (Bankr.E.D.Mo.1991); *In re M.H.I., Inc.* 61 B.R. 69, 70–71 (Bankr.D.Md.1986). *But see Great Western Savings Bank v. Orvco, Inc. (In re Orvco),* 95 B.R. 724, 727–28 (9th Cir. BAP 1989); *In re JAS Enterprises Inc.,* 180 B.R. 210, 217 (Bankr.D.Neb.1995), *aff'd sub nom. JAS Enterprises, Inc. v. Stock (In re JAS Enterprises, Inc.),* 113 F.3d 1238 (8th Cir.1997) (unpublished table opinion); *In re The Bedroom of Central Fla., Inc.,* 150 B.R. 982, 984 (Bankr. M.D.Fla.1993); *In re Tammey Jewels,* 116 B.R. 292, 294–95 (Bankr.M.D.Fla.1990). Rent paid during the pre-rejection period pursuant to section 365(d)(3) is to be paid at the full contract rate. *Thinking Machines Corp. v. Mellon Financial Servs. Corp. (In re Thinking Machine Corp.),* 67 F.3d 1021, 1023 (1st Cir.1995); *In re Pacific–Atlantic Trading Co.,* 27 F.3d at 404 (citing *In re Wingspread Corp.,* 116 B.R. 915, 925 (Bankr.S.D.N.Y.1990)).

The purpose of section 365(d)(3) is to ameliorate the financial burden on lessors of nonresidential real property while the trustee decides whether to assume or reject the lease. *In re Pacific–Atlantic Trading Co.,* 27 F.3d at 403 (quoting 130 Cong. Rec. S8894–95 (daily ed. June 29, 1984) (remarks of Senator Hatch)). Such a purpose could frequently be foiled if the nonresidential lessor were required to prove an actual benefit to the estate. Furthermore, to require a claimant to demonstrate a benefit to the estate under the 503(b)(1) standard would render the section 365(d)(3) language "notwithstanding section 503(b)(1)" meaningless. *In re International Ventures, Inc.,* 215 B.R. at 728.

## CONCLUSION

In the instant case, section 365(d)(3) provides for payment of rent as an administrative expense whether or not the estate benefitted from use of the retail space during the post-petition period. The tenancy at will in effect at the time of the Debtor's rejection is clearly governed by the section 365 provisions regarding unexpired leases. Section 365(d)(3) expressly offers lessors of nonresidential real property such as Dickson an entitlement to rent at the contract rate accruing during the post-petition, pre-rejection period.

For the reasons stated, Dickson's claim for post-petition rent arrearage of $1524.30 accruing from December 11, 1997, to February 23, 1998, will be allowed as an administrative expense.

IT IS SO ORDERED.