## In re MYRTLE BEACH GOLF & YACHT CLUB, a South Carolina General Partnership, Debtor.

### Bankruptcy No. 88–02160.

United States Bankruptcy Court,
D. South Carolina.

Jan. 12, 1990.

Thomas B. Henson, Robinson, Bradshaw & Hinson, P.A., Charlotte, N.C., for debtor.

H. Flynn Griffin, III, Columbia, S.C., for creditor Charles Winters.

## ORDER

WILLIAM THURMOND BISHOP,
Bankruptcy Judge.

On July 19, 1989, Charles R. Winters ("Winters") filed a proof of claim seeking $5,488.40 as an administrative expense pursuant to 11 U.S.C. § 503(a)[1]. The Debtor objected to Winters' claim for administrative expenses and on November 16, 1989, the Court conducted a hearing on Winters' claim. For the reasons more fully discussed below, the Court concludes that Winters is not entitled to have any portion of his claim treated as an administrative expense.

The parties do not dispute that on December 23, 1986, the Debtor as lessee and Winters as lessor entered into a lease agreement whereby the Debtor leased four houses in the Myrtle Beach Golf & Yacht Club subdivision. The term of the lease was for a period of 18 months.

On June 3, 1988, an involuntary Chapter 11 petition was filed against the Debtor. On July 11, 1988, the Debtor filed a voluntary Chapter 11 petition and an order for relief was entered. The involuntary case was dismissed.

At the hearing on November 16, 1989, the Court heard testimony of Winters on behalf of himself, and testimony of Donald R. Tomlin ("Tomlin") and James D. Parker ("Parker") for the Debtor. On the basis of all the evidence, the Court finds that the Debtor received no benefit from the four houses which were covered by the lease following the filing of the petition.

Winters' request to have a portion of his claim treated as an administrative expense depends upon § 365(d)(3) of the Bankrupt-

---

**1.** Further references to the Bankruptcy Code (11 U.S.C. §§ 101 et seq.) shall be by section number only.

cy Code. That section of the Bankruptcy Code reads as follows:

> The trustee shall timely perform all the obligations of the Debtor, except those specified in § 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding § 503(b)(1) of this Title.

11 U.S.C. § 365(d)(3).

■ Winters is not entitled to have any portion of his claim treated as an administrative expense. First, the lease according to its own terms expired before the Debtor filed its voluntary petition and an order for relief was entered. Therefore, at the time the order for relief was entered, there was no unexpired lease for the Debtor in possession to assume or reject.

■ Assuming that the lease was in effect at the time the order for relief was entered, Winters is still not entitled to have any portion of his claim treated as an administrative expense. Winters is seeking to recover rent for the period July 15, 1988 through September 15, 1988, as an administrative expense. The Court has found that the Debtor received no benefit from the leased premises during that time period. Notwithstanding § 365(d)(3), "a lessor must establish its claim for administrative status under § 503(b)(1)(a)" when a lease is deemed rejected. *In re Orvco, Inc.*, 19 B.C.D. 247, 95 B.R. 724 (9th Cir.BAP 1989). Under § 503, the breach of an executory agreement or lease does not give rise to a claim for administrative expenses if there is no benefit to the estate, but only gives rise to an unsecured breach of contract claim under § 502(g). *In re Braniff Airways, Inc.*, 783 F.2d 1283, 1286 (5th Cir. 1986).

Therefore, it is,

ORDERED, ADJUDGED, AND DECREED that Charles R. Winters is not entitled to have any portion of his claim treated as an administrative expense because the lease expired by its own terms prior to the institution of the voluntary Chapter 11 case and because the Debtor received no benefit from the leased premises after the filing of the petition.