**In re TAMMEY JEWELS, INC., Debtor.**

**Bankruptcy No. 89–1860–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 2, 1990.

Francis H. Cobb, Tampa, Fla., for debtor.

Larry Foyle, Tampa, Fla., for movant.

Lynne England, Tampa, Fla., U.S. Trustee.

## ORDER ON MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE BY THE PYRAMID COMPANIES

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Motion for Allowance of Administrative Expense filed by the Pyramid Companies (Pyramid). Pyramid has requested allowance of an administrative expense for unpaid rent allegedly incurred by Tammey Jewels, Inc. (Debtor). The administrative rent claim is based on certain leases concerning non-residential real property owned by Pyramid. The facts relevant and germane to the disposition of the administrative claim of Pyramid established at the final evidentiary hearing are as follows:

The Debtor entered into three separate leases agreements with Pyramid. The leases covered certain "kiosk" spaces in shopping Malls owned by Pyramid where the Debtor planned to operate its retail jewelry stores. It is without dispute that none of the leased premises were ever occupied by the Debtor, and the Debtor did not file a Motion to Assume or Reject these leases. Consequently, the three leases were deemed rejected by virtue of § 365(d)(1) of the Bankruptcy Code on the 61st day following the filing of the Chapter 11 Petition.

Based on the fact that these are obligations incurred post petition, the landlord contends that the contractual rent is entitled to be charged as cost of administration for the period commencing with the date of filing of this Chapter 11 case an up to and including the 60 days following the date of the commencement of the case when the leases in question were rejected by operation of law. In support of this proposition, Pyramid relies on § 365(d)(3) of the Bankruptcy Code which requires that the trustee in this case and the Debtor-in-Possession shall timely perform all the obligations of the Debtor until the lease is assumed or rejected notwithstanding § 503(b)(1) of the Bankruptcy Code, which deals with the allowance of administrative expenses.

■ Prior to the effective date of the 1984 amendments to 11 U.S.C. § 365(d)(3) and (d)(4), the test to determine whether the landlord was entitled to administrative expense was based on "actual use and occupancy". *In re Vetzel Moving & Storage, Inc.*, 84 B.R. 786 (Bankr.M.D.Fla.1988). In 1984 11 U.S.C. § 365 was amended to provide that "The trustee shall timely perform all of the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property until such lease is assumed or rejected ..." 11 U.S.C. § 365(d)(3).

The addition of this sub-clause to Section 365 was the result of pressure on Congress by a strong shopping center lobby, and its purpose was clearly to protect lessors of nonresidential real property and, particularly, shopping center operators from delay and uncertainty by forcing a trustee or a debtor-in-possession to decide quickly whether to assume unexpired leases. *See Harvest Corp. v. Riviera Land Company*, 868 F.2d 1077 (9th Cir.1989); *see* also, *In re Moreggia & Sons, Inc.*, 852 F.2d 1179 (9th Cir.1988). The question remains, however, whether the 1984 amendments abrogated the "actual use and occupancy" doctrine with respect to nonresidential real estate leases, thus requiring postpetition payment and performance of all lease obligations regardless of the nature and extent of the debtor-in-possession's use of the premises during the 60-day period.

Several bankruptcy courts concluded that "actual use" test has been abrogated to the extent that the landlord is entitled to payment of administrative expenses for full rental obligations until a decision is made to assume or reject the lease. *In re Gillis*, 92 B.R. 461 (Bankr.D.Hawaii 1988); *In re Coastal Drydock and Repair Corp.*, 62 B.R. 879 (Bankr.E.D.N.Y.1986); *In re National Oil, Inc.*, 80 B.R. 525 (Bankr.D. Colo.1987); *In re TDC Development Corp.*, 73 B.R. 135 (Bankr.N.D.Tex.1987); and *In re MHI, Inc.*, 61 B.R. 69 (Bankr.D.Md. 1986).

Notwithstanding the foregoing authorities, this Court is satisfied that nothing in the language of § 365(d)(3) requires the granting of administrative status to claims by lessor for postpetition rent accrued but not paid by the Trustee or Debtor. The 1984 amendments have not changed the necessity for showing the reasonableness of the rent or any of the other factors considered under § 503(b)(1)(A). *In re Southwest Aircraft Services, Inc.*, 831 F.2d 848 (9th Cir.1987); As noted in *In re Orvco, Inc.*, 95 B.R. 724 (9th Cir. BAP 1989), § 365(d)(3). There is nothing which indicates that Courts abrogated the specific mandate of § 503 which requires that before a charge could be awarded first priority as administrative expense, it must be the *actual*, necessary cost and expenses of preserving the estate.

■ It would be unfair and inequitable to accord administrative priority to the unpaid rent for several reasons: If the rent is not paid by the trustee or the debtor-in-possession during the sixty-day period, the landlord is not without remedy. On the contrary, the landlord has several options. The landlord may file a motion seeking relief from the automatic stay and evict the non-paying debtor/tenant. Next, it may seek an order directing the debtor/tenant to pay the rent forthwith or may file a motion to shorten the time to assume or reject the lease in question. It would be truly an unfair proposition to permit the landlord to sit idly by and not seek either payment or recovery of the premises by relying on the fact that his contractual rent will be accorded administrative priority occupied and presented no benefit to the estate. It is noteworthy that in this particular case that Pyramid in fact sent a notice of default to the Debtor several months prior to the filing of the commencement of this case informing the Debtor that if the default was not cured, the Landlord would terminate the lease. In addition, in this particular case, there is nothing in this record to warrant the finding that the Landlord suffered any economic damages and had the tenant ready to move in and occupy the leased premises, particularly in light of the fact that the leased premises in this instance were merely a portion of the mall walkway and not actually an enclosed leased premises in the orthodox sense.

In sum, this Court rejects the cases which hold that § 365(d)(3) was designed to accord administrative priority to the unpaid rent accrued during the sixty-day period. As stated in *In re Orvco, supra,* the landlord must meet the requirement of § 503(b)(1)(A), the specific Section which confirms the status of administrative claims. This, of course, requires a showing that the obligations incurred were actual and necessary expenses for the preservation of the estate.

Based on the foregoing, it is clear, and this Court is convinced, that the Motion for Allowance of Administrative Expense filed by the Pyramid Companies should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Allowance of Administrative Expense filed by the Pyramid Companies be, and the same is hereby, denied.

DONE AND ORDERED.