## In re WASHINGTON BANCORPORATION, Debtor.

### Bankruptcy No. 90–00597.

United States Bankruptcy Court, District of Columbia.

April 2, 1991.

---

Brian P. Leitch, Marcia B. Kuntz, Arnold & Porter, Washington, D.C., for debtor.

Anne M. Magruder, Susan L. Schor, McLean, Va., for movant.

## DECISION CONCERNING MEASURE OF LANDLORD'S ADMINISTRATIVE CLAIM

S. MARTIN TEEL, Jr., Bankruptcy Judge.

Prior to the filing of this voluntary case, the debtor, Washington Bancorporation,

leased office space in Annandale, Virginia from Annandale Office Center Limited Partnership ("the landlord") and then subleased the space to another entity at a rent below that specified by the original lease. The landlord has moved for payment of its administrative claim and relies upon 11 U.S.C. § 365(d)(3) in urging that the rent due under the original lease controls. The debtor, serving as debtor-in-possession, urges that the claim is limited by the benefit the estate received under the sublease, the rule which applied before the 1984 enactment of § 365(d)(3). I hold that the landlord's administrative.claim is measured by the original lease by virtue of 11 U.S.C. § 365(d)(3), as held in numerous cases. *E.g., In re Homeowner's Outlet Mall Exchange, Inc.*, 89 B.R. 965 (Bankr.S.D.Fla. 1988); *In re Granada, Inc.*, 88 B.R. 369, 374 n. 6 (Bankr.D.Utah 1988); *In re Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 882–883 (Bankr.E.D.N.Y.1986); *In re M.H.I., Inc.*, 61 B.R. 69 (Bankr.D.Md.1986). *Contra, In re Orvco, Inc.*, 95 B.R. 724 (BAP 9th Cir.1989); *In re Tammey Jewels, Inc.*, 116 B.R. 292 (Bankr.M.D.Fla.1990).

Section 365(d)(3) requires the trustee to perform all of the obligations under the lease until it is rejected. Although the time for performance may be extended for the first 60 days under § 365(d)(3), or the trustee may default even without an extension, the statute never relieves the trustee of the obligation to perform. The specific language of § 365(d)(3) ought to be harmonized with the language of 11 U.S.C. § 503(b)(1)(A) allowing only "the actual, necessary costs and expenses of preserving the estate." Prior to rejection, the trustee retains rights under the lease and a right to move to assume the lease. Under § 365(d)(3), the lease's terms fix the amount owed for the retention of those rights. As a provision that specifically deals with the trustee's obligations with respect to such a lease, § 365(d)(3), instead of the general body of caselaw interpreting § 503(b)(1)(A), ought to furnish the answer of what are the actual, necessary costs and expenses of preserving the estate in the case of such a lease.

To rule otherwise would give the trustee, even one with cash already on hand, an incentive during the first 60 days of the case not to comply with the prompt payment mandate of § 365(d)(3) if there is a chance the lease will be rejected and may be at an above-market rent or if the debtor has not fully occupied the premises. The statute ought not be interpreted in a fashion that will encourage frustration of the congressional intent that landlords be paid on a current basis pending a determination to assume or reject.

Disputes exist concerning the appropriate amount of rent under the lease and the allowability of late charges. Entry of an order will await resolution of those disputes.