**In the Matter of LAURENCE R. SMITH, INCORPORATED, Debtor.**

**Bankruptcy No. 2–90–01477.**

United States Bankruptcy Court, D. Connecticut.

May 21, 1991.

Brian E. Lambeck, Law Offices of Edward D. Jacobs, New Haven, Conn., for applicant, Mahopac Center Associates, L.P.

Jeffrey G. Grody, Day, Berry & Howard, Hartford, Conn., for Robert Hunt Co.

Mark R. Franklin, Rogin, Nassau, Caplan, Lassman & Hirtle, Hartford, Conn., for debtor.

MEMORANDUM OF DECISION RE: APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE FILED BY MAHOPAC CENTER ASSOCIATES, L.P.

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

## ISSUE

This proceeding requires the court to determine whether the rent set in an unexpired lease controls the amount of administrative expense to which a lessor is entitled prior to the rejection of the lease, or whether the administration expense is limited by the traditional standard of benefit to the estate. A significant number of courts to date have held that the lease provisions control, relying on the unambiguous language of § 365(d)(3), added in 1984 to the Bankruptcy Code, and supporting congressional comments. A minority of courts hold the lease rent may not control where a perceived inequity to the estate would result.

The parties have submitted the matter to the court upon a stipulation of facts and briefs.

## II.

## BACKGROUND

The debtor, Laurence R. Smith, Incorporated, filed a chapter 11 petition on July 12, 1990. On that date, the debtor, a retailer of home improvement items, was the lessee under a written lease (the lease) with Mahopac Center Associates, L.P. (MCA) at a shopping center located in Mahopac, New York. The debtor, postpetition, did not conduct any business at the Mahopac store, but, nonetheless, on September 5, 1990, the debtor filed an application with the court to enlarge the time for the debtor to assume or reject the lease. The court, after notice and a hearing, approved the motion. On October 16, 1990, on the debtor's motion, the court approved rejection of the lease. The unpaid postpetition rent to date of rejection, calculated by the lease provisions, totals $15,871.81.

The debtor, on April 16, 1990, entered into an agreement, approved by the court, with Robert Hunt Company (Hunt) pursuant to which the debtor sold to Hunt the debtor's assets. The agreement provided that Hunt would be responsible for a portion of the debtor's administrative expenses.

MCA's application for allowance and payment of the unpaid rent commenced the present proceeding. Hunt and the debtor contend the lease rent provisions should not determine the amount of the administrative expense to which MCA is entitled, but that the court should conduct a hearing addressed to the benefit the estate received from the leased premises to the date of the lease rejection.

## III.

## DISCUSSION

Code § 365(d)(3), added to the Bankruptcy Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA), provides, in relevant part:

... (d)(3) The trustee shall timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period....

Section 503(b)(1)(A) defines allowed administrative expense as "the actual, necessary costs and expenses of preserving the estate...."

Most courts have found that § 365(d)(3) contains an unambiguous statement of congressional intent that lessors of nonresidential realty receive the rent provided by a lease until its rejection, and that the pre–1984 doctrine that fair market rental value of the leased premises and the extent of the debtor's occupancy must be considered has been superseded. These courts find support in the remarks of Senator Orrin Hatch appearing in 130 Cong.Rec. S8895 (daily ed., June 29, 1984), that the purpose of the amendment to § 365(d) is to require "the trustee to perform all the obligations of the debtor under a lease of nonresidential real property at the time required in the lease ... pending the trustee's assumption or rejection of the lease." *See, e.g., In re Granada,* 88 B.R. 369 (Bankr.D.Utah 1988) and cases cited. *See also, Second Pennsylvania Real Estate Corp. v. Papercraft Corp. (In re Papercraft Corp.),* 126 B.R. 926, 929–30 (Bankr. W.D.Pa.1991); *In re Washington Bancorporation,* 125 B.R. 328 (Bankr.D.D.C.1991); *In re Narragansett Clothing Co.,* 119 B.R. 388, 391 (Bankr.D.R.I.1990); *In re Wingspread Corp.,* 116 B.R. 915, 926 (Bankr.S.D. N.Y.1990); *In re Cardinal Industries, Inc.,* 109 B.R. 738, 741 (Bankr.S.D.Ohio 1989).

The leading authority for the opposing position is *In re Orvco, Inc.,* 95 B.R. 724, 728 (Bankr. 9th Cir.1989). *Orvco* holds:

[T]he language of 365(d)(3), "notwithstanding section 503(b)(1)", means that notwithstanding the administrative or non-administrative status of a claim by a lessor, a bankruptcy court must order its payment pending assumption or rejection. It does not mean that the necessity for showing the reasonableness of the rent or any of the other factors considered under section 503(b)(1)(A) has been completely abrogated. Accordingly, we hold that when a lease is deemed rejected [after the first sixty days following the filing of the petition],[1] the lessor must establish its claim for administrative status under section 503(b)(1)(A)....

*Id. See also In re Tammey Jewels, Inc.,* 116 B.R. 292, 294 (Bankr.M.D.Fla.1990) (unfair "to permit landlord to sit idly by and not seek either payment or recovery of the premises by relying on the fact that his contractual rent will be accorded administrative priority...."); *In re Patella,* 102 B.R. 223, 226 (Bankr.D.N.M.1989) (lessor must petition court for rent payment prior to rejection to receive rent due under lease). *Cf. In re Myrtle Beach Golf & Yacht Club,* 118 B.R. 406 (Bankr.D.S.C. 1990).

Hunt's brief does not refer to any holding that the rent reserved by the lease does not control where the debtor has requested and received an extension of time to decide whether or not to assume or reject the lease. Legislative history is unequivocal that Congress intended to protect lessors such as MCA under the stipulated circumstances:

> [The second problem] is that during the time the debtor has vacated space but has not yet decided whether to assume or reject the lease, the trustee has stopped making payments.... In this situation, the landlord is forced to provide current services ... without current payment. No other creditor is put in this position.

130 Cong. Rec. S8895 (daily ed. June 29, 1984) (remarks of Senator Hatch).

The debtor, having requested and received a court order to extend the time for it to decide whether to assume or reject the lease and having failed to make any post-petition rent payments, is liable to MCA for the rent reserved by the lease to the date of rejection, notwithstanding the debtor having vacated the space during the entire post-petition period.

IV.

CONCLUSION .

MCA's application for allowance of administrative expense is granted in the stipulated amount of $15,871.81. Payment may be made if there are funds available to pay all administrative claimants.

---

1. Section 365(d)(4), also added to the Code by BAFJA, provides that an unexpired lease of non-residential property is "deemed rejected" if not assumed within 60 days after the date of the order for relief, unless the court "for cause" grants additional time.