**In re Jeffery C. KIRSCH and Danae J. Kirsch, d/b/a Kirsplash Pools, Debtor.**

**Bankruptcy No. 98–08049–3F3.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Nov. 1, 1999.

---

Cynthia Jackson, Jacksonville, FL, for Regency.

D. Lamar Smith, Jacksonville, FL, for debtors.

Mamie L. Davis, Jacksonville, FL, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court on Regency's Application for Payment of Administrative Expenses ("Application") filed by Regency Realty Corporation ("Regency") on September 13, 1999. (Doc. 115.) On October 12, 1999 Regency filed an amended application for administrative expenses for unpaid postpetition rent of nonresidential real property in the amount of $6,683.26. This amount is undisputed per the Stipulation Concerning Facts Not in Dispute filed during the hearing on this matter held October 13, 1999. (Doc. 121.) Upon the evidence presented, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On April 2, 1998, Jeffrey C. Kirsch and Danae J. Kirsch ("Debtors") entered into a sixty-month lease agreement with Regency for nonresidential real property. On September 25, 1998, Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The parties stipulate that Debtors were not present in the leased premises or gainfully operating a business at the location since the filing of the case. Additionally, Debtors and Regency agree that the Court must only resolve the legal issue of whether unpaid postpetition rent is entitled to be an administrative expense.

Neither party presented evidence concerning whether the lease expired prior to the filing of the petition. The parties only stipulate that Debtors were not occupying the leased premises at the time of the petition. The lease submitted to the Court contained an expiration date in 2003. Accordingly, for the purposes of this opinion the Court finds that the lease was unexpired at the time Debtors filed their petition. *See In re PAVCO Enterprises, Inc.,* 172 B.R. 114 (Bankr.M.D.Fla.1994) (Paskay, J.) (generally discussing lease termination).

### CONCLUSIONS OF LAW

Section 503 of the Bankruptcy Code provides that administrative expenses are allowed for actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case. 11 U.S.C. § 503(b)(1) (1999). However, Section 365(d) of the Bankruptcy Code governing the treatment of unexpired leases provides in the pertinent part that:

(3) The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, **notwithstanding section 503(b)(1) of this title** ....

(4) Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresiden-

tial real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d) (1999) (emphasis added). Though Section 365(d) provides that the trustee is permitted to assume or reject unexpired leases, courts interpret the Bankruptcy Code as to allow chapter 13 debtors to assume or reject leases under this Section. *In re Brewer,* 233 B.R. 825, 828 (Bankr.E.D.Ark.1999); *In re Hall,* 202 B.R. 929, 932 n. 2 (Bankr.W.D.Tenn.1996) (statutory authority granted under 11 U.S.C. § 103(a)). Accordingly, chapter 13 debtors must perform their obligations "under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3).

■ The majority of courts interpreting Section 365 find that lessors of nonresidential real property, as in this case Regency, are entitled to payment of rent due under an unexpired lease as an administrative claim for the period running from the filing of the petition until the rejection of the lease. *Brewer,* 233 B.R. at 829 (citations omitted). However, there are courts that apply Section 503's standard of actual, necessary costs and expenses of preserving the estate to leases of nonresidential real property despite the language in Section 365(d)(3).[1] *In re Florida Lifestyle Apparel, Inc.,* 221 B.R. 897, 899 (Bankr.M.D.Fla. 1997). *See, e.g., In re Tammey Jewels, Inc.,* 116 B.R. 292 (Bankr.M.D.Fla.1990); *Great Western Savings Bank v. Orvco, Inc. (In re Orvco, Inc.),* 95 B.R. 724, 728 (9th Cir. BAP 1989). This interpretation

of the Bankruptcy Code fails to give effect to the language in Section 365(d)(3) that the trustee or, as determined above, the chapter 13 debtor must comply with all lease obligations "notwithstanding section 503(b)(1)". 221 B.R. at 899 (citing *Towers v. Chickering & Gregory (In re Pacific–Atlantic Trading Co.),* 27 F.3d 401, 404–405 (9th Cir.1994)).

In this case, the application of the bankruptcy code appears socially unjust, that being individual debtors in a chapter 13 case stuck with a large administrative expense that must be paid in full. However, this Court's interpretation of the law, which follows the majority view, results in these Debtors having to pay unpaid postpetition rent of nonresidential real property as an administrative expense. Debtors were certainly entitled to breach and effectively terminate their lease agreement with Regency prepetition. This would have placed Regency's damages with Debtors' other general unsecured creditors. Debtors also had the option of rejecting Regency's lease upon filing their petition or soon thereafter. This option would have eliminated if not drastically reduced Debtors' obligation to Regency.

There simply is no evidence before the Court to support a position in favor of Debtors. Debtors' lease with Regency did not expire until the lease was rejected by law in accordance with 11 U.S.C. § 365(d)(4) sixty days after Debtors filed their petition. Accordingly, Debtors are required to pay as an administrative expense the full lease payment for the sixty-day postpetition period that the lease remained unexpired.

The Court finds such a result to be unfair and recognizes that Regency, while not necessarily having a duty to do so, could have taken steps to mitigate its claim. Section 365 of the Bankruptcy

---

1. The stipulation that Debtors were not occupying the leased premises at the time of the petition implies that payments due under the lease with Regency were not an actual, necessary expense of preserving the estate. Ac-

cordingly, following the minority view would mean that Regency's claim would not be entitled to payment as an administrative claim, rather Regency would hold a general unsecured claim.

Code is a legislative jungle and perhaps Congress should take steps to reverse the detrimental effect of that Section's application in cases like the one at hand. However, until such a time, chapter 13 debtors involved with unexpired leases of nonresidential real property must be weary of the potential consequences of not effectively terminating such lease agreements.

### CONCLUSION

The Court finds that until debtors reject leases for nonresidential real property, whether by their own action or by law, lessors are entitled to administrative expenses for unpaid rent accruing postpetition. A separate order will be entered in accordance with these findings of fact and conclusions of law.