**In re CHS ELECTRONICS, INC., Debtor.**

**No. 00–12731–BKC–RAM.**

United States Bankruptcy Court, S.D. Florida.

July 26, 2001.

Patrick A. Barry, Stearns, Weaver, Miller, et al., Fort Lauderdale, FL, for International Place Associates IV, Ltd.

Timothy J. Norris, Buchanan Ingersoll, P.C., Miami, FL, for the Responsible Person.

## MEMORANDUM OPINION AND OR-DER GRANTING INTERNATION-AL PLACE ASSOCIATES IV, LTD.'S REQUEST FOR PAYMENT OF AN ADMINISTRATIVE EX-PENSE

ROBERT A. MARK, Chief Judge.

International Place Associates IV, Ltd. (the "Landlord"), owns certain commercial warehouse space (the "Property") which it leased (the "Lease") to CHS Electronics, Inc. (the "Debtor") prior to the filing of this Chapter 11 case. In its Request for Payment of an Administrative Expense ("Request for Payment"), the Landlord seeks payment of administrative rent for the 60 day postpetition period prior to rejection of the lease. The Debtor, now acting through Keith R. Cooper (the "Responsible Person") in his postconfirmation, pre-effective date capacity as the Debtor's Responsible Person, opposes the Request for Payment based upon the Debtor's prepetition surrender of possession of the Property.

For the reasons that follow, the Request for Payment is granted. Surrender of possession did not terminate the Lease and, since the Debtor retained certain rights, the Lease remained "unexpired" as of the petition date. As such, under § 365(d)(3) of the Bankruptcy Code, the Debtor is obligated to pay postpetition rent through the date of rejection.

### FACTUAL AND PROCEDURAL BACKGROUND

The parties stipulated to the pertinent facts. On May 14, 1999, the Landlord and the Debtor entered into the Lease which consists of approximately 150,000 sq. feet of commercial warehouse space. The Lease term was five years, with one five year extension to be exercised at the Debtor's option. The Debtor failed to make payment of the monthly rent due January

1, 2000, and fourteen days later the Landlord made a written demand for payment of the rent or delivery of possession of the Property. On January 25, 2000, the Debtor surrendered the Property and the keys to the Landlord. The Landlord took total possession, but did so expressly without terminating the Lease, and with a full reservation of its rights. On February 25, 2000, the Landlord re-let some, but not all of the (then surrendered) Property to an unrelated third party. Such re-let upon surrender by the Debtor was expressly allowable under Section 10.6 of the Lease.

On March 28, 2000, the Landlord filed a complaint for damages against the Debtor in state court for breach of the Lease. On April 4, 2000 (the "Filing Date"), the Debtor filed this Chapter 11 case. The Debtor took no action to assume the Lease or to request an extension of time to assume or reject during the sixty days after the Filing Date, at which point the Lease was deemed rejected under § 365(d)(4) of the Bankruptcy Code. Although the Landlord had re-let part of the Property, the Landlord had not received any rent under the new lease as of the date of rejection of the Debtor's Lease. On June 27, 2000, the Landlord filed the Request for Payment, seeking rent for the full postpetition sixty day period as an administrative expense pursuant to § 365(d)(3) of the Code.

## DISCUSSION

### A. Section 365(d)(3) Requires Payment of Postpetition Rent for Unexpired Nonresidential Leases Regardless of Actual Use or Benefit

█ Section 503 of the Bankruptcy Code describes those expenses entitled to administrative priority. Section 503(b)(1) allows as administrative expenses "the actual, necessary costs and expenses of preserving the estate." Generally, adminis-

trative expense priority is allowed only if the expense provided an actual benefit to the estate. *See In re Subscription Television of Greater Atlanta,* 789 F.2d 1530 (11th Cir.1986); *In re Beverage Canners International Corp., et al.,* 255 B.R. 89 (Bankr.S.D.Fla.2000). If this standard was applicable to commercial leases, the Landlord's Request for Payment would fail in whole or in large part, since the Debtor did not occupy or receive benefit from the Property postpetition. However, proof of actual use and benefit is not required for unexpired commercial leases. Section 365(d)(3) of the Code provides in relevant part that "[t]he trustee shall timely perform all of the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, *notwithstanding section 503(b)(1) of this title.*" 11 U.S.C. § 365(d)(3) (emphasis added).

A minority of courts have concluded that commercial landlords must still prove use and benefit under § 503(b)(1). "There is nothing which ... abrogated the specific mandate of § 503 which requires that before a charge could be awarded a first priority as administrative expense, it must be the actual, necessary cost and expenses of preserving the estate." *In re Tammey Jewels, Inc.,* 116 B.R. 292, 294 (Bankr. M.D.Fla.1990); *In re Mr. Gatti's, Inc.,* 164 B.R. 929 (Bankr.W.D.Tex.1994). The Court rejects this view.

█ Based upon a plain reading of § 365(d)(3), this Court agrees with and adopts the interpretation of a majority of courts which have held that nonresidential landlords are entitled to administrative expense priority for postpetition rent under an unexpired lease of nonresidential real property, without regard to § 503(b)(1). *See In re Pacific–Atlantic Trading Co.,* 27 F.3d 401, 404–05 (9th Cir.1994); *In re*

*Kirsch,* 242 B.R. 77, 79 (Bankr.M.D.Fla. 1999); *In re Florida Lifestyle Apparel, Inc.,* 221 B.R. 897, 901 (Bankr.M.D.Fla. 1997). Neither legislative history nor general bankruptcy policy permits a court to deviate from following specific Congressional dictates contained in clear provisions of the Bankruptcy Code. *See In re Yates Development, Inc.,* 256 F.3d 1285 (11th Cir.2001). Thus, in the instant case, the Landlord must simply prove that the Lease was unexpired during the sixty day period postpetition period to establish its right to an administrative expense under § 365(d)(3).

### B. *Despite Prepetition Surrender of the Property, the Lease remained "Unexpired"*

■ The Responsible Person argues that (1) the Debtor's surrender of the Property to the Landlord; (2) the Debtor's loss of any capability to re-enter and regain possession of the Property; and (3) the fact that the Landlord had the right to (and actually did) re-let part of the Property to the extent surrendered by the Debtor, caused the Lease to no longer be unexpired, rendering § 365(d)(3) inapplicable and relieving the estate of any obligation to pay postpetition rent.

In contrast, the Landlord argues that as long as a lease of non-residential real property is not terminated under applicable state law, it remains "unexpired" for purposes of § 365. This argument finds support in *Florida Lifestyle,* a case with facts similar to those of the instant case. *See* 221 B.R. 897. There, a landlord and a tenant/debtor entered into a contract for the lease of non-residential real property. Prior to filing its bankruptcy petition, the tenant/debtor surrendered the premises and the keys to the landlord. Under the lease, the landlord had the right to re-let the premises upon surrender without ter-

minating the lease, and attempted to do so, albeit unsuccessfully, during the postpetition prerejection period. *See id.* at 898.

As in the instant case, the debtor in *Florida Lifestyle* argued that prepetition surrender of the premises eliminated any postpetition rent obligation. Rejecting the debtor's arguments, the court found that under Florida law the surrender of the premises and a landlord's attempts to re-let do not result in the termination of a lease. *See id.* at 901. Therefore, § 365(d)(3) remained applicable even though the leased premises had been surrendered and accordingly, an administrative priority for postpetition obligations under the lease was warranted. *See id.*

The Landlord urges the Court to adopt the analysis and holding in *Florida Lifestyle* and impose a bright line rule that if a lease is not terminated under state law, § 365(d)(3) is applicable and a landlord is therefore entitled to an administrative priority for postpetition obligations. The Responsible Person counters that the terms "unexpired" and "termination" have significantly different meanings so that even where a lease is not *terminated,* it may cease to be *unexpired* under § 365(d)(3). He urges such a finding in the instant case based upon the fact that the Debtor no longer had the right to possession of the Property. As such, he argues that the agreement was no longer in the nature of a lease and no longer executory since the Debtor had no remaining rights, just the obligation to pay rent, an obligation no different in kind from a debtor's non-executory obligations under a promissory note. In support of this position, the Responsible Person cites cases in which agreements called leases were not treated as leases in considering the application of § 365(d)(3) and (d)(4) of the Bankruptcy Code. *See, e.g., In re Moreggia & Sons, Inc.,* 852 F.2d

1179 (9th Cir.1988) (§ 365(d)(4) applies only to bona fide lease situations).

■ The Court agrees that hypothetically, a lease could expire and render § 365(d)(3) inapplicable even if it has not terminated. This situation could arise if a lessee had only rent obligations and no remaining rights which it could assume and assign under § 365 of the Bankruptcy Code. The Court also agrees that agreements which are called leases are not always subject to § 365 treatment where there is no real landlord-tenant relationship. For example, in *Moreggia*, the debtor was occupying space under a "lease", but the "lessor" was a quasi-governmental agency which collected "rents" solely to service the bonds it issued to finance a redevelopment project. *See* 852 F.2d at 1180–81. In fact, as of the bankruptcy, the bond debt had been retired and the debtor had no further rent obligation. Not surprisingly, the court allowed the debtor to sell its valuable property interest finding that the agreement was no longer executory and was not "rejected" under § 365(d)(4) of the Code 60 days after the bankruptcy filing. *See id.* at 1184–85; *see also In re PCH Associates*, 804 F.2d 193, 199 (2d Cir.1986) (transaction memorialized in a "Sale–Leaseback Agreement" and a "Ground Lease" was not an unexpired non-residential lease within the contemplation of § 365(d)(4)); *In re Independence Village*, 52 B.R. 715 (Bankr.E.D.Mich. 1985) (Lease Purchase Contract treated as security agreement based on economic substance of the transaction).

Unfortunately for the Responsible Person, the facts in the instant case do not support either of these potential defenses to the Request for Payment. First, unlike *Moreggia*, *PCH* and *Independence Village*, the transaction here is a classic landlord-tenant true lease of a commercial space. Second, the Lease did not cease being executory or "unexpired" under § 365 despite surrender of the Property, since the Debtor retained rights under the Lease after the surrender took place. The Debtor had, at a minimum, the right to sublet the remaining portion of the Lease not previously re-let by the Landlord (approximately two-thirds of the total square footage), and this right could have been assumed and assigned in this case under § 365. Moreover, the Debtor had residual rights in the re-let portion with potential value if the Landlord's new lease re-letting the Property expired or terminated. Indeed, both of the above rights are increased in value when compounded with the Debtor's five year option to extend the Lease. In short, since rights existed under the Lease in favor of the Debtor, notwithstanding the surrender of the Property and the partial re-let, the Lease did not cease to be a "lease" nor "unexpired" under § 365(d)(3). As a result, an administrative priority expense for 60 days of postpetition rent must be awarded in favor of the Landlord.

### C. *Equitable Issues*

In resolving this contested matter, the Court is bound by clear statutory directive. That is, this is an issue of law and not one of equity. Nevertheless, the Court finds it appropriate to comment on the Responsible Person's argument that imposing administrative expense liability in this case would be unfair and contrary to legislative intent.

■ Section 365(d)(3) was intended by Congress to protect commercial landlords who were forced to provide current services without current payment pending a debtor/lessor's decision whether to assume or reject an unexpired lease. *See In re Krystal Co.*, 194 B.R. 161 (Bankr. E.D.Tenn.1996) *citing* H.R.Rep. No. 882, 95th Cong., 2d Sess.1984, reprinted in 1984

U.S.C.C.A.N. 576; *Florida Lifestyle,* 221 B.R. at 900–01. Where a landlord has regained nearly all of its rights related to its ownership of leased premises, as in the instant case, and is not forced to provide current services without current payment, the legislative purpose served by awarding the landlord full rent as an administrative expense may no longer exist. However, even if the policy behind § 365(d)(3) is not directly applicable under the unique facts of the instant case, this Court cannot ignore the plain language of the Code. *See Yates Development,* 256 F.3d 1285, 1288 (ruling that where the language of the Bankruptcy Code is plain, neither legislative history nor general bankruptcy policies should affect a court's analysis); *In re Hen House Interstate, Inc.,* 177 F.3d 719, 723 (8th Cir.1999) *aff'd Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (expressly rejecting interpretations of § 506(c) which use policy considerations and equitable concerns to circumvent the plain language of the statute); *cf. Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."). Although policy and social justice may seem to call for a contrary result, this Court will not be the first to bring to legislative attention "the detrimental effect of [section 365's] application in cases like the one at hand," but nonetheless enforce the statute according to its plain language. *Kirsch,* 242 B.R. at 80; *Florida Lifestyle,* 221 B.R. at 901 ("This Court is not in a position to rewrite Section 365(d)(3) or invoke Section 105(a) in an effort to obtain a more equitable result when Section 365(d)(3) clearly mandates this decision.").

Moreover, the seemingly harsh result to the Debtor could have easily been avoided. The Debtor could have moved to reject the Lease upon the bankruptcy filing or soon thereafter, as it did with numerous other executory contracts in the bankruptcy case. Through this simple and routine procedure, the Debtor could have significantly limited, if not completely obviated, this administrative expense. For whatever reason it chose not to do so. *See Kirsch,* 242 B.R. at 79.

■ Finally, adopting the Responsible Person's argument that the Lease is no longer unexpired would be bad law which could prejudice debtors who surrender possession, but choose not to reject because the potential value of assuming and assigning the leasehold interest justifies the accrual of postpetition administrative rent. In the instant case, after the Landlord re-let a portion of the Property, the Debtor's remaining rights may not have had sufficient value to justify an assumption and assignment. Nevertheless, the Court finds no legal or equitable problem with its ruling here: Where a debtor has surrendered possession, but (1) the lease has not terminated by its terms, and (2) the debtor retains rights under the lease, the lease remains "unexpired" under § 365. The language in § 365(d)(3) is clear and unambiguous, and requires a debtor to satisfy all postpetition obligations under an unexpired lease of nonresidential real property until the date of rejection.

Having concluded that the Debtor is obligated to the Landlord for administrative rent for the sixty day postpetition period, it is therefore

**ORDERED** as follows:

1. The Request for Payment is **GRANTED.**

2. International Place is awarded an administrative expense in the amount of

$177,606.36 for the accrued rent during the sixty day postpetition period.